| | | |
|---|---|---|
| In re: | ) | Case No. 05-16086 |
| | ) | |
| R.I.A. MELBOURNE LIMITED | ) | Chapter 11 |
| PARTNERSHIP, AN OHIO | ) | |
| LIMITED PARTNERSHIP, | ) | Judge Arthur I. Harris |
| | ) | |
| Debtor. | ) | |

MEMORANDUM OF OPINION

Before the Court is creditor LSF4 Loan Investments I, LLC's ("LSF") third amended disclosure statement (Docket #111). Although the debtor and some of the debtor's principals have raised a number of objections to the latest disclosure statement, most of these objections have been resolved or are best left for confirmation. The issue regarding the impaired status of Class 3, which consists solely of LSF's secured claim, remains before the Court and should be resolved before approving the disclosure statement pursuant to 11 U.S.C. § 1125 and Bankruptcy Rule 3017. For the reasons that follow, the Court finds that under some, if not all, scenarios in the current plan Class 3 is unimpaired within the meaning of 11 U.S.C. § 1124. Accordingly, the Court will not approve the third amended disclosure statement; however, LSF is free to file another amended plan and disclosure statement.

## JURISDICTION

Court approval of disclosure statements is required by 11 U.S.C. § 1125(b). The Court has jurisdiction over the approval of such disclosure statements under 28 U.S.C. §§ 1334 and 157(a) & (b) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## DISCUSSION

Section IV(C) of the third amended disclosure statement provides:

> While LSF believe[s] the value of its collateral is less than the amount of its claim, its Class 3 Claim shall be treated as a fully secured claim. The Class 3 Claim, including any and all interest on the Class 3 [C]laim, and any fees, costs[,] or charges, allowable by 11 U.S.C. § 506(b), shall be paid in full by the assignment and/or transfer of the Collateral, including, but not limited to, the real property, all improvements and fixtures[,] and all personal property of the Debtor, to LSF, or its assigns, free and clear of all liens and claims, within ten (10) days after the Effective Date. In the alternative, the Debtor, or any other Person or entity may, on or before ten (10) calendar days prior to the Confirmation Hearing, deposit, pursuant to Bankruptcy Rule 3020, into the registry of the Court sufficient funds to pay all amounts owing to all classes of Claims and Creditors as provided for in this Plan, including, but not limited to, administrative claims and the Class 3 Claim, including any and all interest on the Class 3 [C]laim, and any fees, costs[,] or charges, allowable by 11 U.S.C. § 506(b), in full. In the event Debtor deposits the aforementioned funds, the funds shall be used, in part, to satisfy the Class 3 Claim, including any and all interest on the Class 3 Claim, and any fees, costs[,] or charges, allowable by 11 U.S.C. § 506(b), and the Debtor shall retain title to the real property, all improvements and fixtures and all personal property of the Debtor. Class 3 is impaired under the Plan.

Section 1124 of the Bankruptcy Code provides in pertinent part:

05-16086-aih    Doc 130    FILED 03/30/06    ENTERED 03/31/06 14:34:47    Page 2 of 6

> ... [A] class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such class, the plan –
> (1) leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest ....

If a class of claims receives payment in full with interest, the class is unimpaired under section 1124. *See In re PPI Enterprises*, 324 F.3d 197, 206-7 (3d Cir. 2003) (finding that a landlord who would receive cash equal to its allowed claim with postpetition interest was not impaired under debtor's plan); *see also In re 698 Flushing Realty Corp.*, 335 B.R. 17 (Bankr. E.D.N.Y. 2005) ("Paying the value of the debtor's assets to a class of claims . . . does not render that class unimpaired, unless the claims will be paid in full . . . ."); *cf. In re Monclova Care Center, Inc.*, 59 Fed. Appx. 660, 664 (6th Cir. 2003) ("[A] class of claims would be impaired by a plan if the claims would not be paid in full with interest on the effective date of the plan."); *In re New Midland Plaza Assocs.*, 247 B.R. 877, 896 (Bankr. S.D. Fla. 2000) (same).

Here, the plan provides for two possible treatments of LSF's claim. First, the plan allows a third party to pay all "classes of Claims and Creditors as provided for in [the] Plan," including full payment, with interest and attorneys fees, of LSF's claim. Clearly, if a third party should deposit the amount required so that LSF's claim is paid in full with interest in cash, Class 3 would be

3

unimpaired. Moreover, the issue of LSF's potential recourse against some of the debtor's principals would be moot because LSF has been made whole and paid in full with interest.

If, however, no one deposits "sufficient funds to pay all amounts owing to all classes of Claims and Creditors as provided for in [the] Plan," then the plan provides for LSF to assert a credit bid equal to the full amount of its debt, including interest, plus all the costs of completing the plan. If someone deposited one dollar less than the "sufficient funds to pay all amounts owing to all classes of Claims and Creditors as provided for in [the] Plan," they would be outbid by LSF, and LSF's claim, "including any and all interest . . . and any fees, costs[,] or charges, allowable by 11 U.S.C. § 506(b), [would] be paid in full" by taking "the real property, all improvements and fixtures[,] and all personal property of the Debtor." Thus, LSF's credit bid is equivalent to LSF paying the Debtor the amount needed to pay LSF's claim in full with interest, plus the costs of completing the plan.

In other words, if LSF's claim, including interest and fees, equaled $5.8 million and $200,000 is needed to pay the other creditors and administrative expenses under the plan, then LSF's plan proposes to pay $6 million for all of the assets of the Debtor, free and clear of all prepetition and administrative claims.

4

But instead of paying the Debtor completely in cash, LSF would offset $5.8 million of the bid against its claim. Under this scenario, LSF would appear to be paid in full with interest since a cash bid of even $5,999,999 would be rejected as being worth less than LSF's proposed contribution under the plan.

The Court's analysis, however, turns on the plan's requirement that the Debtor or a third party must pay LSF's claim in full, with interest, in order to outbid LSF's proposed contribution under the plan. LSF is free to propose another plan and disclosure statement in which a third party can top LSF's credit bid by paying LSF less than its full claim, with interest. Under such a plan, a class such as the current Class 3 would be impaired. For example, LSF could propose to submit a credit bid equal to its full claim, plus interest, but less $100. A third party, including the Debtor, could then top LSF's credit bid but still pay LSF less than its full claim with interest. In that case, LSF would be impaired, regardless whether the money to fund the plan came from LSF or a third party.

Under the current plan, however, LSF's secured claim would clearly be unimpaired under the scenario where a third party pays LSF's claim in cash in full with interest. Plus, LSF's secured claim might well be unimpaired even without a third party's cash payment, since anything less than the cash payment described above would be rejected as being worth less than LSF's proposed contribution

5

under the current plan. Therefore, the Court finds that Class 3 is unimpaired under the plan. *See* 7 Collier on Bankruptcy ¶ 1124.02 (15th ed. rev.) ("[A] class will be deemed unimpaired if the plan offers its members a choice between two types of treatment, both of which leave their claims unimpaired.").

## CONCLUSION

For the foregoing reasons, the Court declines to approve the third amended disclosure statement, without prejudice to LSF4 Loan Investments I, LLC filing another amended plan and disclosure statement.

IT SO ORDERED.

Arthur I. Harris
United States Bankruptcy Judge

6